# Hoskins v. Williamson et al.

(Decided March 12, 1929.)

MOORE & CHILDERS for appellant.

W. K. STEELE for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Appellees built a house for appellant under contract. He paid them the full contract price, except $1,250, for which he executed his note; it being a part of the contract that this balance was to be paid later. They brought this suit on the note, and he by answer pleaded as a counter-claim that appellees had not built the house properly and had violated the contract by using cheap and inferior material, by putting in improper plumbing, and in not performing the contract in a number of other ways, to his damage in the sum of $1,550. The issues were made up. The court referred the case to a commissioner, as it involved a complicated account. The commissioner took proof. He reported that there were certain defects in the house, which could be remedied at a cost of $155, and that the defendant should be entitled to a credit on the note for this sum, and no more. The court confirmed the report and entered judgment accordingly. The defendant appeals.

The appeal raises simply a question of fact. In cases like this, the court gives some weight to the finding of the commissioner, which has been confirmed by the circuit judge, as they are both on the ground and understand local conditions. The chief trouble with the house was that it settled. This was due to the fact that appellant used smaller joists than should have been used. The builders wanted to use larger timbers, but he could save $50 by putting in the smaller ones, and so he wrote the

contract for the smaller timbers. The court is satisfied under all the facts that the conclusion of the commissioner does substantial justice between the parties.

It is earnestly insisted that the commissioner and the court proceeded upon an improper basis; that the measure of damages in such a case is the difference between the fair market value of the building as constructed, and its value if constructed according to the contract. This is the ordinary measure of damages in such cases; but if the defects are such as may be remedied at a reasonable cost, and the building would then be in as good condition as if these defects had not existed, the reasonable cost of correcting the trouble is in fact all the damage that the property owner has sustained. For the building is of value what it would be worth after the repairs were made, less the cost of making the repairs. ''In the choice of rules for the measurements of damages in building cases, the old saying that circumstances alter cases has peculiar force. But the fundamental idea running through all of the case law is that an owner is entitled to a performance of the contract by the contractor and, where the contract is breached, is entitled to recover damages that will be a just equivalent for the breach.'' 9 C. J. p. 811.

On the whole case, the court finds no substantial error in the record.

Judgment affirmed.